# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

LISA ANN UEKMAN                                                                                       PLAINTIFF

v.                                          4:21-cv-01083-JM-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Lisa Ann Uekman, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income.  The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments.  (Tr. 10-34.)

This review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was fifty-four years old at the time of the administrative hearing. (Tr. 67.)  She testified she completed the 12th grade, (*id.*), and has past work as a bookkeeper and sales receptionist.  (Tr. 32.)

The ALJ[1] found Ms. Uekman has not engaged in substantial gainful activity since October 1, 2015 – the alleged onset date.  (Tr. 12.)  She has "severe" impairments in the form of "degenerative disc disease; degenerative joint disease; unilateral vision loss in her right eye/herpes

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

simplex virus, disciform keratitis; major depressive disorder; and attention deficit hyperactivity disorder." (Tr. 12-13.) The ALJ further found Ms. Uekman did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 14-15.)

The ALJ determined Ms. Uekman had the residual functional capacity to perform a reduced range of light work given her physical and mental impairments. (Tr. 15.) The ALJ determined Ms. Uekman could no longer perform her past work, so he utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 75-79.) Based in part on the testimony of the vocational expert, the ALJ determined she could perform the jobs of cafeteria attendant and cleaner/housekeeper - despite her limitations. (Tr. 33.) Accordingly, the ALJ determined Ms. Uekman was not disabled. (Tr. 34.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Ms. Uekman argues that the ALJ incorrectly evaluated her fibromyalgia. (Doc. No. 9 at 8-11.) Specifically, Plaintiff says the ALJ failed to apply Social Security Ruling 12-2p, the Ruling that addresses "the unique nature of fibromyalgia." (*Id.* at 9.) The Commissioner counters that Social Security Ruling 12-2p, "is simply a ruling that 'provides guidance' in how adjudicators develop evidence to establish that an individual has a medically determinable impairment of fibromyalgia and how the adjudicator evaluates fibromyalgia in disability claims." (Doc. No. 11 at 7.)

After careful consideration of Plaintiff's argument and the Commissioner's response, I find

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

the Commissioner's position to be persuasive. I find no authority requiring the ALJ to articulate his consideration of this Social Security Ruling. More importantly, I find the ALJ's rationale for concluding her fibromyalgia was "non-severe" to be supported by substantial evidence.

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

In addressing Ms. Uekman's fibromyalgia, the ALJ stated:

> In January 2015, the claimant underwent an initial consultation with Dr. Columbus Brown, with the Arkansas Rheumatology Center, for her reports of a ten year history of diffuse joint/muscle pain. She also reported being diagnosed with fibromyalgia by her primary care provider. On examination, she had tenderness diffusely in both ankles and feet with 16/18 tender points. After his examination, Dr. Brown noted that her history and examination was suggestive of likely osteoarthritis and/or fibromyalgia syndrome. He restarted her on Hydrocodone as needed for pain. At a follow up in February 2015, her diagnoses included fibromyalgia and myalgias. Her associated symptoms and pain were noted to be

    tolerable with current medication. In May 2015, he started her on Percocet as
    needed and in September 2015, she reported fair overall symptom control (Ex. 3F).
    There was no further indication of any fibromyalgia related treatment or diagnosis
    made by any other provider.

(Tr. 13.)

  While Ms. Uekman's burden of proving her fibromyalgia significantly limits her ability to perform basic work activities "is not great," *Caviness v. Massanari,* 250 F.3d 603, 605 (8th Cir. 2001), the ALJ could rightly find it was not a "severe" impairment when its impact was minimal on her ability to work. *Nguyen v. Chater,* 75 F.3d 429, 430-31 (8th Cir. 1996). The ALJ's conclusion is supported by the September 2015 progress note from Columbus Brown, IV, M.D., who stated, "In the interval since the last office visit, she has had tolerable pains and a satisfactory course with fair, overall, symptom control." (Tr. 353.) The ALJ's decision is further supported by the fact there is no other evidence of Plaintiff being treated for fibromyalgia after September 2015. Thus, Plaintiff failed to meet her burden at step two.

  Ms. Uekman also argues that the ALJ failed to properly evaluate the opinion of Janet Kwan, Ph.D. (Doc. No. 9 at 12-16.) Dr. Kwan completed a Mental Diagnostic Evaluation whereby she concluded Plaintiff has moderate limitation performing age-appropriate activities of daily living independently, marked limitation in the capacity to cope with typical mental/cognitive demands of basic work-like tasks, moderate limitation in the ability to attend to and sustain concentration on basic tasks, moderate limitation with capacity to sustain persistence in completing tasks, and moderate limitation with capacity to complete work-like tasks within an acceptable timeframe. (Tr. 755-756.) The ALJ found Dr. Kwan's opinions "not persuasive" stating, "Dr. Kwan seemed to rely quite heavily on the subjective report of symptoms and limitations provided by the claimant," and "it did not appear that Dr. Kwan took into consideration that the claimant was [not] receiving any mental health treatment and was on no mental health medications." (Tr. 31.)

I have carefully reviewed Dr. Kwan's evaluation and find no error in the ALJ's assessment of her opinion. His assessment is supported by the record. Moreover, it is worth citing the ALJ's opinion with regard to her treating doctor, Thanh Nguyen, M.D. The ALJ concluded:

> It appeared that with treatment, the claimant's symptoms did improve. While she saw Dr. Nguyen over a period of several years, he made few changes in her medication regimen which would indicate he believed they were useful in her treatment. There was also indications that the claimant was not complaint with her therapy treatment. The record showed she attended two therapy sessions in 2014, 13 sessions in 2015, ten sessions in 2016, eight session[s] in 2017, and only three sessions in 2018. At the hearing, the claimant implied she was not receiving mental health treatment due to insurance issues. However, it appeared she was discharged from Living Hope Southeast due to her inability to be complaint with treatment. Taking into consideration the overall record, including intermittent therapy with improvement on medication, the undersigned found that the claimant was is able to perform work where interpersonal contact is incidental to the work performed, incidental is defined as interpersonal contact requiring a limited degree of interaction such as meeting and greeting the public, answering simple questions, accepting payment and making change; complexity of tasks can be learned by demonstration or repetition within 30 days, few variables, little judgment; and supervision required is simple direct and concrete.

(Tr. 31.)

In evaluating the various medical evidence, the ALJ could rightly rely on the facts that Plaintiff's condition improved with treatment and medication, (Tr. 413, 434-435, 437, 691), and that she was not compliant[3] with her treatment and medications, (Tr. 683, 691, 721, 722, 738, 743). Thus, I find his assessment of Dr. Kwan's opinion is supported by substantial evidence.

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to

---

[3] Failure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application for benefits. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989).

support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments which I find are without merit. Ms. Uekman's counsel has done an admirable job advocating for her. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 18th day of May 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE